1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    TIENGKHAM SINGANONH,                    1:18-cv-00763-GSA-PC

12              Plaintiff,                    **ORDER TO SHOW CAUSE WHY CASE**
                                              **SHOULD NOT BE DISMISSED AS**
13         vs.                                **BARRED BY STATUTE OF**
                                              **LIMITATIONS**
14    PALACIOS, et al.,                       **(ECF No. 1.)**

15              Defendants.

16                                            **THIRTY-DAY DEADLINE TO RESPOND**

17    **I.      BACKGROUND**

18          Tiengkham Singanonh ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

19    *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On May 24, 2018, Plaintiff filed

20    the Complaint commencing this action, which is now before the court for screening.  28 U.S.C.

21    § 1915.

22    **II.     SCREENING REQUIREMENT**

23          The court is required to screen complaints brought by prisoners seeking relief against a

24    governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The

25    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

27    ///

28    ///

                                              1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III.     SUMMARY OF ALLEGATIONS

Plaintiff is presently incarcerated at Pleasant Valley State Prison in Coalinga, California. The events at issue in the Complaint allegedly occurred at the Fresno County Jail in Fresno, California, when Plaintiff was detained there in the custody of the Fresno County Sheriff. Plaintiff names as defendants Lieutenant Palacios (Classification Management Officer), Sergeant Carter, Sheriff M. Mims, and Correctional Officer Singh (collectively, "Defendants").

Plaintiff's allegations follow. On May 6, 2013, Plaintiff was classified and placed in the wrong housing unit by the Fresno County Jail classification department. Plaintiff was interviewed by the classification officer and informed him that he was associated with the Lao Boys gang, as it has always been in his file. Plaintiff was then taken upstairs to the fifth floor C-

///

///

Pod where he was met by defendant C/O Singh.  Before Plaintiff was placed in the C-Pod, he was asked again by defendant C/O Singh, the floor officer, about his gang association.  Plaintiff again informed him that he was associated with the Lao Boys.  C/O Singh told Plaintiff that there were Lao Boys in the C-Pod, so Plaintiff grabbed his mattress and went inside.

It was count time when Plaintiff was placed in C-Pod, so everyone was on their racks [*sic*].  Plaintiff had no idea that it was a TRG[1] pod.  After count was over ten to fifteen inmates approached and surrounded Plaintiff, then attacked him without warning.  Plaintiff was almost killed.  Defendant Lt. Palacios escorted Plaintiff to the infirmary where his medical treatment was video-recorded.  The doctor put Plaintiff's left shoulder back in place in front of Lt. Palacios.  Plaintiff suffered major bodily injuries and a fractured right arm from the attack.

Plaintiff seeks compensatory and punitive damages.

## IV.    STATUTE OF LIMITATIONS

In federal court, federal law determines when a claim accrues, and "under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'"  Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)).  In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions.  Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914.  California's two-year statute of limitations for personal injury actions applies to 42 U.S.C. § 1983 claims. See Jones, 393 F.3d at 927.  California's statute of limitations for personal injury actions requires that the claim be filed within two years.  Cal. Code Civ. Proc., § 335.1.

In actions where the federal court borrows the state statute of limitations, the court should also borrow all applicable provisions for tolling the limitations period found in state law.  See Hardin v. Straub, 490 U.S. 536, 539, 109 S.Ct. 1998, 2000 (1989).  Pursuant to California Code

///

///

---

[1] Plaintiff does not explain what TRG stands for.

of Civil Procedure, § 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1

provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, . . . is, at the time the cause of
> action accrued, imprisoned on a criminal charge, or in execution under the
> sentence of a criminal court for a term less than for life, the time of that
> disability is not a part of the time limited for the commencement of the
> action, not to exceed two years.

Cal. Code Civ. Proc., § 352.1. In addition, under the Prison Litigation Reform Act, an applicable

statute of limitations must be tolled while a prisoner completes the mandatory exhaustion

process. Civil Rights of Institutionalized Persons Act, § 7(a), 42 U.S.C.A. § 1997e(a).

Although the statute of limitations is an affirmative defense that normally may not be

raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis*

complaint where the defense is complete and obvious from the face of the pleadings or the court's

own records. Franklin v. Murphy, 745 F.2d 1221, 1228-1230 (9th Cir. 1984). See Levald, Inc.

v. City of Palm Desert, 988 F.2d 680, 686-87 (9th Cir. 1993). That is the case here – the defense

appears complete and obvious from the face of the complaint.

Plaintiff alleges that his rights were violated causing him to suffer injuries on May 6,

2013. Based on these allegations it appears that the statute of limitations for Plaintiff's injuries

began to run on May 6, 2013. Plaintiff did not file this lawsuit until more than five years later,

on May 24, 2018. Even allowing for tolling of the limitations period while Plaintiff exhausted

his remedies, it appears that Plaintiff did not file this lawsuit before the statute of limitations

expired. Therefore the court finds that on the face of the Complaint Plaintiff's claims are barred

by the statute of limitations.

**V.      CONCLUSION AND ORDER**

The court finds that on the face of Plaintiff's Complaint for this action his claims are

barred by the statute of limitations. Therefore, the court shall issue an order to show cause.

Plaintiff is required to file a response to the order within thirty days showing why this case should

not be dismissed as barred by the statute of limitations.

///

///

## **ORDER TO SHOW CAUSE**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Within thirty days from the date of service of this order, Plaintiff is required to file a response in writing showing why this case should not be dismissed as barred by the statute of limitations; and

2. Failure to comply with this order may result in the dismissal of this case.

IT IS SO ORDERED.

Dated:   **May 10, 2019**                    **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE