UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIENGKHAM SINGANONH, | 1:18-cv-00763-GSA-PC |
| Plaintiff, | **ORDER VACATING ORDER TO SHOW CAUSE ISSUED ON MAY 20, 2019 (ECF No. 14.)** |
| vs. | |
| PALACIOS, et al., | |
| Defendants. | |

Tiengkham Singanonh ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On May 24, 2018, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

On May 20, 2019, the court issued an order to show cause requiring Plaintiff to respond and show cause why this case should not be dismissed as barred by the applicable statute of limitations. (ECF No. 14.) On May 24, 2019, Plaintiff filed a response. (ECF No. 15.) Therein, Plaintiff argues that he is entitled to equitable tolling under the Victim's Bill of Rights because he is the victim of a crime.[1] Plaintiff also claims that he was misled by members of the Sheriff's

---

[1] *Code of Civil Procedure 340.3 Subdivision (a) and the Victims' Bill of Rights.* "[T]he purpose of section 340.3 is to encourage the victim of a crime to obtain restitution by bringing an action for damages against the perpetrator when the perpetrator has been convicted of a felony offense. The minimum limitations period of at least one year from the judgment of conviction allows the victim to sue the defendant when an otherwise applicable statute of limitations has expired." Guardian N. Bay, Inc. v. Superior Court, 94 Cal. App. 4th 963, 975, 114 Cal. Rptr. 2d 748, 756–57 (2001).

1

Department and the jail, causing him to believe that the incident was being handled and he would be contacted, and that officers were filing victim's report in helping with a civil action. Plaintiff also claims that he was hindered from filing a lawsuit because he was afraid of the Sheriffs and gang members who almost killed him.

While Plaintiff has not proven that he is entitled to equitable tolling, the court finds that Plaintiff has shown cause why this case should not be dismissed as barred by the statute of limitations at this stage of the proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has shown cause why this case should not be dismissed as barred by the statute of limitations at this stage of the proceedings;
2. On the basis of a showing of good cause, the court's order to show cause, issued on May 20, 2019, is vacated; and
3. Plaintiff's Complaint shall be screened in due course.

IT IS SO ORDERED.

Dated: **July 11, 2019**  /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE