UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIENGKHAM SINGANONH,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>PALACIOS, et al.,<br><br>　　　　　Defendants. | 1:18-cv-00763-GSA-PC<br><br>**SCREENING ORDER**<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br>**(ECF No. 1.)**<br><br>**THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT** |

**I.　BACKGROUND**

　　　Tiengkham Singanonh ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On May 24, 2018, Plaintiff filed the Complaint commencing this action, which is now before the court for screening. (ECF No. 1.) 28 U.S.C. § 1915. At the time of the events at issue in the Complaint Plaintiff was a federal pretrial detainee in custody at the Fresno County Jail.

**II.　SCREENING REQUIREMENT**

　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF ALLEGATIONS

Plaintiff is presently incarcerated at Pleasant Valley State Prison in Coalinga, California. The events at issue in the Complaint allegedly occurred at the Fresno County Jail in Fresno, California, when Plaintiff was detained there as a federal pretrial detainee in the custody of the Fresno County Sheriff. Plaintiff names as defendants Lieutenant Palacios (Classification Management Officer), Sergeant Carter, Sheriff M. Mims, and Correctional Officer Singh (collectively, "Defendants").

Plaintiff's allegations follow:

On May 6, 2013, Plaintiff was classified and placed in the wrong housing unit by the Fresno County Jail classification department. Plaintiff was interviewed by the classification officer [not a defendant] and informed the officer that he was associated with the Lao Boys gang, which has always been in his file. Plaintiff was then taken upstairs to the fifth floor C-Pod where

he was met by defendant C/O Singh. Before Plaintiff was placed in the C-Pod, he was asked again by defendant C/O Singh, the floor officer, about his gang association. Plaintiff informed him that he was associated with the Lao Boys. C/O Singh told Plaintiff that there were Lao Boys in the C-Pod, so Plaintiff grabbed his mattress and went inside.

It was count time when Plaintiff was placed in C-Pod so everyone was on their racks [*sic*]. Plaintiff had no idea that it was a TRG[1] pod. After count was over ten to fifteen inmates approached and surrounded Plaintiff, then attacked him without warning. Plaintiff was almost killed. Defendant Lt. Palacios escorted Plaintiff to the infirmary where his medical treatment was video-recorded. The doctor put Plaintiff's left shoulder back in place in front of Lt. Palacios. Plaintiff suffered major bodily injuries and a fractured right arm from the attack.

Plaintiff seeks compensatory and punitive damages.

### IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of

---

[1] Plaintiff does not explain what TRG stands for, but apparently is a rival gang.

state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Rights of Pretrial Detainees

Plaintiff was a federal pretrial detainee at the time of the events at issue in the Complaint. "[P]retrial detainees . . . possess greater constitutional rights than prisoners." Stone v. City of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992); see also Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987). "If a plaintiff "had not been convicted of a crime, but had only been arrested, [then] his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment." Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002); see also Bell v. Wolfish, 441 U.S. 520, 537 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied upon in considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"). A "pretrial detainee['s] … right to be free from violence at the hands of other inmates arises from the Fourteenth Amendment rather than the Eighth Amendment." Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1067-1068 (9th Cir. 2016).

Unless there is evidence of intent to punish, then those conditions or restrictions that are reasonably related to legitimate penological objectives do not violate pretrial detainees' rights to be free from punishment. See Block v. Rutherford, 468 U.S. 576, 584 (1984) (citing Bell, 441

U.S. at 538-39); Pierce, 526 F.3d at 1205; Demery v. Arpaio, 378 F.3d 1020, 1028-29 (9th Cir. 2004) (holding that streaming live images of pretrial detainees to internet users around the world through the use of world-wide web cameras was not reasonably related to a non-punitive purpose, and thus, violated the Fourteenth Amendment); Simmons v. Sacramento Cnty. Super. Ct., 318 F.3d 1156, 1160-61 (9th Cir. 2003); Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002); White v. Roper, 901 F.2d 1501, 1504 (9th Cir. 1990); see also Florence v. Board of Chosen Freeholders of Cnty. of Burlington, 132 S. Ct. 1510, 1515-16 (2012). Order and security are legitimate penological interests. See White, 901 F.2d at 1504.

### B. No Personal Participation – defendants Carter and Mimms

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676; Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no *respondeat superior* liability under [§] 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). Therefore, to the extent that Plaintiff seeks to impose liability upon any of the defendants in their supervisory capacity, Plaintiff fails to state a claim.

In the Complaint, Plaintiff did not allege any facts concerning acts by defendants Carter or Mimms. Therefore, Plaintiff fails to state any claim against defendants Carter or Mimms.

### C. Failure to Protect – Fourteenth Amendment Claim

A pretrial detainee can prevail on a failure-to-protect due process claim under § 1983 by demonstrating the following elements: (1) defendant made an intentional decision with respect to the conditions under which the detainee was confined; (2) those conditions put the detainee at substantial risk of suffering serious harm; (3) defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have

appreciated the high degree of risk involved, making the consequences of defendant's conduct obvious; and (4) by not taking such measures, defendant caused detainee's injuries. Castro, 833 F.3d at 1071.

Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause. Id. at 1067–68; see Bell, 441 U.S. at 535 (holding that, under the Due Process Clause, a detainee may not be punished prior to conviction). Under both clauses, the plaintiff must show that the prison officials acted with "deliberate indifference." Castro, 833 F.3d at 1068.

With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily "turn[ ] on the 'facts and circumstances of each particular case.'" Id. at 1071 (citing Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473 (2015) (quoting Graham, 490 U.S. at 396); see also Restatement (Second) of Torts § 500 cmt. a (Am. Law Inst. 2016) (recognizing that "reckless disregard" may be shown by an objective standard under which an individual "is held to the realization of the aggravated risk which a reasonable [person] in his place would have, although he does not himself have it").

Plaintiff fails to state a claim for failure to protect him from harm. Plaintiff has not alleged facts demonstrating that any of the defendants made an intentional decision to place Plaintiff in a pod with gang members who were his enemies, or that a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of defendant's conduct obvious.

Plaintiff shall be granted leave to amend the complaint to state a failure to protect claim against the defendants.

## V.     CONCLUSION AND ORDER

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims in the Complaint against any of the Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Therefore, Plaintiff shall be granted leave to amend the complaint. The court will provide

Plaintiff with thirty days to file a First Amended Complaint curing the deficiencies identified above. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal at 678 (quoting Twombly, 550 U.S. at 555). To state a claim against defendant Mimms in her personal capacity, Plaintiff may not allege *respondeat superior* liability. Defendant Mimms is only liable for her own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that defendant Mimms *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues. Plaintiff should also note that he has not been granted leave to add allegations of events occurring after the initiation of this suit on May 24, 2018.

Plaintiff is advised to review this order and the standards given before he decides which claims to bring in the First Amended Complaint.

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. 2012), and it must be complete in itself without reference to the prior or superseded pleading. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint, filed on May 24, 2018, is dismissed for failure to state a claim upon which relief may be granted, with leave to amend;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty days from the date of service of this order, Plaintiff shall file a First Amended Complaint curing the deficiencies in the Complaint identified by the court;

4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:18-cv-0763-GSA-PC; and

5. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **April 3, 2020**  **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE