UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIENGKHAM SINGANONH,<br><br>                Plaintiff,<br><br>        vs.<br><br>PALACIOS, et al.,<br><br>                Defendants. | 1:18-cv-00763-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM (ECF No. 21.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

I.    **BACKGROUND**

        Tiengkham Singanonh ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On May 24, 2018, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  At the time of the events at issue in the Complaint Plaintiff was a federal pretrial detainee in custody at the Fresno County Jail.  On April 3, 2020, the Court dismissed the Complaint for failure to state a claim under § 1983, with leave to amend.  (ECF No. 20.)  On April 27, 2020, Plaintiff filed the First Amended Complaint, which is now before the court for screening.  28 U.S.C. § 1915. (ECF No. 21.)

II.    **SCREENING REQUIREMENT**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## III.    SUMMARY OF ALLEGATIONS

Plaintiff is presently out of custody.  The events at issue in the First Amended Complaint allegedly occurred at the Fresno County Jail in Fresno, California, when Plaintiff was detained there as a federal pretrial detainee in the custody of the Fresno County Sheriff.  Plaintiff names as defendants Lieutenant Palacios (Classification Management Officer), and Correctional Officer Singh (collectively, "Defendants").

Plaintiff's allegations follow:

On May 6, 2013, Plaintiff was arrested by the U.S. Marshal as a federal prisoner in custody of the Bureau of Prisons and booked into Fresno County Jail pending charges that were later dropped.  Plaintiff was interviewed by the classification department by an officer [not a

defendant].   Plaintiff  informed  the  officer  that  he  was  associated  with  the  Lao Boys  gang, information which has always been in his file.   Plaintiff was then taken upstairs where he was met by defendant C/O Singh, the floor officer of Plaintiff's group or gang association.   Plaintiff informed defendant Singh that his association was with the Lao Boys.   Defendant Singh told Plaintiff that C-Pod was the appropriate POD and that Lao Boys were housed in C-Pod.   Plaintiff grabbed his mattress and went inside.

It was count time when Plaintiff was placed in C-Pod so all inmates were on their racks [*sic*].   After count was over ten to fifteen inmates approached and surrounded Plaintiff and attacked him without warning, causing Plaintiff serious bodily injury.   Plaintiff was then escorted by defendant Lt. Palacios to the infirmary where his medical treatment was recorded.   Plaintiff's left shoulder was put back in place by the doctor in front of Lt. Palacios.

Plaintiff seeks compensatory and punitive damages.

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.   "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"   Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.   Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of

state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."  Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."  Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.    Rights of Pretrial Detainees

Plaintiff was a federal pretrial detainee at the time of the events at issue in the Complaint. "[P]retrial detainees . . . possess greater constitutional rights than prisoners."  Stone v. City of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992); see also Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987).  "If a plaintiff "had not been convicted of a crime, but had only been arrested, [then] his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment."  Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002); see also Bell v. Wolfish, 441 U.S. 520, 537 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied upon in considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"). A "pretrial detainee['s] … right to be free from violence at the hands of other inmates arises from the Fourteenth Amendment rather than the Eighth Amendment."  Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1067-1068 (9th Cir. 2016).

Unless there is evidence of intent to punish, then those conditions or restrictions that are reasonably related to legitimate penological objectives do not violate pretrial detainees' rights to be free from punishment.  See Block v. Rutherford, 468 U.S. 576, 584 (1984) (citing Bell, 441

U.S. at 538-39); Pierce v. County of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008); Demery v. Arpaio, 378 F.3d 1020, 1028-29 (9th Cir. 2004) (holding that streaming live images of pretrial detainees to internet users around the world through the use of world-wide web cameras was not reasonably related to a non-punitive purpose, and thus, violated the Fourteenth Amendment); Simmons v. Sacramento Cnty. Super. Ct., 318 F.3d 1156, 1160-61 (9th Cir. 2003); Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002); White v. Roper, 901 F.2d 1501, 1504 (9th Cir. 1990); see also Florence v. Board of Chosen Freeholders of Cnty. of Burlington, 132 S. Ct. 1510, 1515-16 (2012).  Order and security are legitimate penological interests.  See White, 901 F.2d at 1504.

### B.  Failure to Protect – Fourteenth Amendment Claim

A pretrial detainee can prevail on a failure-to-protect due process claim under § 1983 by demonstrating the following elements: (1) defendant made an intentional decision with respect to the conditions under which the detainee was confined; (2) those conditions put the detainee at substantial risk of suffering serious harm; (3) defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of defendant's conduct obvious; and, (4) by not taking such measures, defendant caused detainee's injuries.  Castro, 833 F.3d at 1071.

Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause.  Id. at 1067–68; see Bell, 441 U.S. at 535 (holding that, under the Due Process Clause, a detainee may not be punished prior to conviction). Under both clauses, the plaintiff must show that the prison officials acted with "deliberate indifference."  Castro, 833 F.3d at 1068.

With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily "turn[ ] on the 'facts and circumstances of each particular case.'"  Id. at 1071 (citing Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473 (2015) (quoting Graham, 490 U.S. at 396); see also Restatement (Second) of Torts § 500 cmt. a (Am.

Law Inst. 2016) (recognizing that "reckless disregard" may be shown by an objective standard under which an individual "is held to the realization of the aggravated risk which a reasonable [person] in his place would have, although he does not himself have it").

Plaintiff fails to state a failure-to-protect claim because he does not sufficiently allege that either of the Defendants, C/O Singh or Lt. Palacios,  by  placing Plaintiff in C-pod, were objectively unreasonable in doing so.  Plaintiff's claim, other than by pure speculation, lacks any factual support to meet the requirements addressed above under the Fourteenth Amendment. <u>Darbouze v. Los Angeles Cty. Sheriff</u>, No. 218CV02964CJCJDE, 2019 WL 8013943, at *8 (C.D. Cal. Dec. 30, 2019) (citing <u>see</u> <u>Castro</u>, 833 F.3d at 1070-71.)  Plaintiff alleges that defendant Singh placed him in C-Pod, where ten to fifteen inmates approached and surrounded Plaintiff, then attacked him without warning, and afterward, defendant Palacios escorted Plaintiff to the infirmary where Plaintiff's left shoulder was put back in place by the doctor in front of Lt. Palacios.  These allegations are not sufficient to state a claim as there is not showing that either of the Defendants did anything to cause Plaintiff to be injured.

## V.    CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims in the First Amended Complaint against either of the Defendants.  Therefore, the court shall recommend that this case be dismissed for failure to state a claim.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires."  Here, the court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court, and Plaintiff has not stated any claims upon which relief may be granted under § 1983.  Plaintiff was advised in the court's previous screening order:

"The amended complaint should be brief, Fed. R. Civ. P. 8(a), but *must state what each named defendant did that led to the deprivation* of Plaintiff's constitutional or other federal rights, <u>Iqbal</u>, 556 U.S. at 678 (emphasis added); <u>Jones</u>, 297 F.3d at 934.  Plaintiff must set forth "sufficient factual matter . . . to '*state a claim that is plausible on its face*.'" <u>Iqbal</u> at 678 (emphasis added) (quoting <u>Twombly</u>, 550

U.S. at 555).”

*///*

(ECF No. 20 at 7:3-7.)  Plaintiff did not show what the Defendants did to cause Plaintiff's injuries and therefore Plaintiff fails to state a plausible claim in the First Amended Complaint.

The court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim.  "A district court may deny leave to amend when amendment would be futile."  Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).  The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1.     This case be DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983; and

2.     The Clerk be directed to CLOSE this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen days** of the date of service of these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 29, 2020**                **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE