UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIENGKHAM SINGANONH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PALACIOS, et al.,<br><br>　　　　　Defendants. | No. 1:18-cv-00763-DAD-GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION DUE TO PLAINTIFF'S FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(Doc. No. 23) |

　　　　Plaintiff Tiengkham Singanonh proceeds *pro se* and *informa pauperis* with this civil rights action under 42 U.S.C. § 1983. While plaintiff is a former state prisoner, at the time relevant to the allegations of his first amended complaint ("FAC"), plaintiff was a federal pretrial detainee in custody at the Fresno County Jail. (*See* Doc. No. 19.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On April 29, 2020, the assigned magistrate judge screened plaintiff's FAC and issued findings and recommendations recommending that this action be dismissed due to plaintiff's failure to state a cognizable claim against any of the named defendants for failure to protect in violation of the due process clause of the Fourteenth Amendment to the U.S. Constitution. (Doc. No. 23 at 5–7.) The magistrate judge recommended that plaintiff's FAC be dismissed without further leave to amend because "the court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court," and in the FAC, plaintiff still failed to allege "what

1

1 the Defendants did to cause Plaintiff's injuries." Thus, the magistrate judge was "persuaded that
2 Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would
3 state a cognizable claim," and granting plaintiff further leave to amend would be futile. (*Id*. at 6–
4 7.) The pending findings and recommendations were served on plaintiff and contained notice that
5 any objections thereto were to be filed within fourteen (14) days of service. (*Id*.) On May 7,
6 2020, plaintiff timely filed objections to the pending findings and recommendations. (Doc. No.
7 24.)

8 In his objections, plaintiff does not address the analysis set forth in the pending findings
9 and recommendations or proffer allegations that he would include in a second amended
10 complaint, if granted further leave to amend. Instead, plaintiff maintains that he has sufficiently
11 stated a failure-to-protect claim because "there is sufficient evidence that the defendants acted
12 negligent [sic] while performing their duty" of classifying inmates based on their gang affiliation.
13 (*Id*. at 1.) Plaintiff also asserts that because he was misclassified by the "classification
14 department" by mistake, "defendants does [sic] not have to directly be involved or participate for
15 [plaintiff] to have been injured." (*Id*. at 3.) The undersigned agrees with the magistrate judge's
16 findings that plaintiff's allegations are insufficient to state a cognizable failure-to-protect claim
17 against any of the named defendants. Under the less-stringent due process standard applicable to
18 pretrial detainees, which the magistrate judge correctly applied, plaintiff's assertion in his
19 objections that defendants were *negligent* confirms that his allegations are insufficient to state a
20 cognizable claim. *See Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)
21 (concluding that "a pretrial detainee who asserts a due process claim for failure to protect [is
22 required] to prove more than negligence but less than subjective intent—something akin to
23 reckless disregard"). Thus, the undersigned also agrees with the magistrate judge's finding that
24 granting further leave to amend would be futile. (Doc. No. 23 at 7.)

25 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
26 *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's
27 objections, the court concludes the findings and recommendations are supported by the record
28 and by proper analysis.

Accordingly,

1. The findings and recommendations issued on April 29, 2020 (Doc. No. 23) are adopted in full;
2. This action is dismissed due to plaintiff's failure to state a cognizable claim for relief; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **June 8, 2020**

_____
UNITED STATES DISTRICT JUDGE

3